## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

MICHAEL BOERMA,

       Plaintiff,                     Case No.
                                      Hon.

vs.


FARM BUREAU GENERAL INSURANCE COMPANY
OF MICHIGAN, and BLUECROSS
BLUESHIELD BLUEPLUS OF MINNESOTA,
GENERAL MILLS, INC.

       Defendants.

_____

THOMAS W. JAMES (P68563)
ALEXUS B. RINGSTAD (P82767)
MICHIGAN AUTO LAW
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI  48334
(248) 353-7575, Fax 254-8082
tjames@michiganautolaw.com
aringstad@michiganautolaw.com

_____

## **COMPLAINT**

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this court, where it was given docket number 1:18-CV-579 and was assigned to Honorable Robert J. Jonker.  The action is no longer pending.

                          */s/   Thomas W. James_____*

1

**NOW COMES** the Plaintiff, MICHAEL BOERMA (hereinafter referred to

as "BOERMA"), by his attorneys, Michigan Auto Law, P.C., and for the

Complaint against Defendants, states as follows:

## Nature and Action and Jurisdiction

1.    This is an action to:

    A.    Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et. seq.;

    B.    Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

2.    This Court has jurisdiction over plaintiff's ERISA claims pursuant to 29

U.S.C. §1132(e)(1).

3.    This Court has supplemental jurisdiction over plaintiff's claims arising under

the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4.    Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28

U.S.C. §1391(b).

## Parties and General Allegations

5.    Plaintiff, BOERMA, is a beneficiary of the defendant, BLUECROSS BLUE

SHIELD BLUEPLUS OF MINNESOTA and/or GENERAL MILLS, INC.

health insurance plan (hereinafter collectively referred to as the "PLAN"),

and is also insured under an automobile insurance policy through FARM

Gursten, Koltonow, Gursten, & Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

2

BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

(hereinafter referred to as "FARM BUREAU"), also providing coverage

under the Michigan No-Fault Act.

6.     Through his spouse's employment with GENERAL MILLS, INC.,

BOERMA is provided with medical insurance benefits through Defendant,

BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA.

7.     Defendants, PLAN is purported to be a coordinated, self-insured, health

insurance benefit plan administered under the terms of ERISA for the benefit

of GENERAL MILLS, INC. employees and their families, including

beneficiaries living in Michigan.

8.     BLUECROSS BLUE SHIELD BLUEPLUS OF MINNESOTA is the

sponsor/administrator for the PLAN, which is a health insurance benefit plan

administered under the terms of ERISA for the benefit of GENERAL

MILLS, INC. employees and their families, including beneficiaries living in

Michigan.

9.     Defendant, BLUECROSS BLUE SHIELD BLUEPLUS OF MINNESOTA

is the claims administrator for the plan, which is the health insurance benefit

plan administered under the terms of ERISA for the benefit of GENERAL

MILLS, INC. employees and their families, including beneficiaries living in

Michigan.

10.   Defendant, FARM BUREAU, is a Michigan insurance corporation that

provides insurance coverage to Michigan residents under policies sold

throughout Michigan.

**Factual Background**

11.   BOERMA, was involved in a motor vehicle collision on January 23, 2017,

in the City of Mount Pleasant, Michigan, in which BOERMA sustained

serious injuries which arose out of the ownership, operation, maintenance

and/or use of a motor vehicle as a motor vehicle within the meaning of

Defendant FARM BUREAU's insurance policy and the statutory provisions

of the Michigan No-Fault Act, being MCLA 500.3101, et. seq.

12.   BOERMA suffered, amongst other injuries, serious impairment of body

function and/or permanent serious disfigurement plus other injuries to the

head, neck, shoulders, arms, knees, back, chest and to other parts of his

body, externally and internally, and some or all of which interferes with his

enjoyment of life and caused the Plaintiff BOERMA great pain and

suffering.

13.   At all material times, BOERMA was entitled to health benefits provided by

the PLAN in which he was a participant.

14.   At all material times, the PLAN was a plan that was administered by the

BLUECROSS BLUE SHIELD BLUEPLUS OF MINNESOTA.

15. At all material times the plaintiff was covered for Michigan No-Fault personal protection insurance (also referred to as "PIP") benefits through an automobile policy of insurance issued by FARM BUREAU, which provides for payment of all allowable expenses for BOERMA' medical care, recovery and rehabilitation in accordance with M.C.L. § 500.3107 and BLUECROSS BLUE SHIELD BLUEPLUS OF MINNESOTA was aware or informed or had express/implied knowledge of the FARM BUREAU coverage.

16. In accordance with the terms of the agreement with the PLAN, sponsored by GENERAL MILLS, INC. and administered by BLUECROSS BLUE SHIELD BLUEPLUS OF MINNESOTA, numerous and substantial expenses for BOERMA' medical care and treatment, surgery, hospitalization and rehabilitation necessitated by the injuries they suffered in the JANUARY 23, 2017, motor vehicle accident were paid by or on behalf of the PLAN, GENERAL MILLS, INC. AND/OR BLUECROSS BLUE SHIELD BLUEPLUS OF MINNESOTA.

17. Under the Michigan No-Fault Act, pursuant to MCL 500.3135, BOERMA, is specifically prohibited from recovering any medical expenses from the driver and/or owner of the at-fault motor vehicle that caused the JANUARY 23, 2017, collision in which BOERMA was seriously injured.

18. The PLAN, sponsored by GENERAL MILLS, INC. and administered by

BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA, contains a

purported provision requiring BOERMA, or those pursuing a legal claim on

his behalf, to reimburse the PLAN for any expenses which the PLAN paid to

or on behalf of BOERMA for any and all January 23, 2017 motor vehicle

collision related care and/or treatment expenses out of any legal or other

recovery made by or on behalf of BOERMA.  The purported reimbursement

provision is allegedly without qualification and reimbursement is allegedly

due notwithstanding the inability of BOERMA, or those acting on his behalf,

to recover healthcare expenses in the third-party automobile negligence

action, due to the limitations imposed by the Michigan No-Fault Act.  MCL

500.3135.

19.   The PLAN, sponsored by GENERAL MILLS, INC. and administered by

BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA, also

allegedly contains a purported provision giving the PLAN the right of

subrogation with respect to any expenses which the PLAN paid to or on

behalf of BOERMA related to the care and/or treatment of his January 23,

2017 motor vehicle collision related injuries, from any legal or other

recovery made by or on behalf of BOERMA.  The purported reimbursement

provision is allegedly without qualification and reimbursement is allegedly

due notwithstanding the inability of BOERMA, or those acting on his behalf,

6

to recover healthcare expenses in the third-party automobile negligence action, due to limitations imposed by the Michigan No-Fault Act.  MCL 500.3135.

20.    The PLAN, sponsored by GENERAL MILLS, INC., and administered by BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA, is silent with respect to any provision expressly creating a "lien" with regard to any claimed overpayment of motor vehicle collision related medical expenses under the Michigan No-Fault laws.

21.    At all material times, THE PLAN knew that the relevant health insurance policy did not create a valid and/or enforceable "lien" against a Michigan No-Fault third-party recovery.

22.    At all material times, THE PLAN knew that the health insurance policy did not have a valid and/or enforceable claim for reimbursement of medical expenses against a third-party automobile negligence settlement governed by the Michigan No-Fault Act.

23.    At this time, unpaid motor vehicle collision related medical expense benefits, as well as additional unpaid personal injury protection benefits including, but not limited to, wage loss and replacement services benefits are due and owing to the Plaintiff by DEFENDANT FARM BUREAU.

## COUNT I
## DECLARATION OF RIGHTS UNDER ERISA
## AND MICHIGAN NO-FAULT ACT

24.     Plaintiff restates all of the previous allegations as incorporated herein.

25.     The terms of the PLAN sponsored by GENEARL MILLS, INC. and

administered by BLUECROSS BLUESHIELD BLUEPLUS OF

MINNESOTA appears to be conflicting and ambiguous with respect to the

duty of the Plan, to pay benefits in the context of a Michigan motor vehicle

collision, but resolution of the ambiguity will not result in a valid claim for

reimbursement against the plaintiff's third-party automobile negligence

recovery.

26.     To the extent that there is any other source of fund against which THE

PLAN may seek subrogation or reimbursement, it is the FARM BUREAU'S

PIP policy, which provides coverage for all medical expenses arising from

the January 23, 2017, motor vehicle collision.

27.     If the "coordination of benefits" language of the Plan, sponsored by

GENERAL MILLS, INC. and administered by BLUECROSS

BLUESHIELD BLUEPLUS OF MINNESOTA, is enforceable, as initially

determined by the administrators of the PLAN, then the PLAN, remains

primary in priority and FARM BUREAU is secondary in priority.

28.     If the ERISA health insurance plan, sponsored by GENERAL MILLS, INC.

and administered by BLUECROSS BLUESHIELD BLUEPLUS OF

MINNESOTA, provisions regarding reimbursement/subrogation take

precedence, essentially nullifying the "coordination of benefits" terms, then

the PLAN may have a right of reimbursement against FARM BUREAU.

29.   To the extent that the PLAN, sponsored by GENERAL MILLS, INC and

administered by BLUECROSS BLUESHIELD BLUEPLUS OF

MINNESOTA, has any valid claims of reimbursement of January 23, 2017,

motor vehicle collision related medical expenses against the Plaintiff's third-

party recovery, then those expenses were not really payable by the Plan,

sponsored by GENERAL MILLS, INC. and administered by BLUECROSS

BLUESHIELD BLUEPLUS OF MINNESOTA, thus FARM BUREAU

must be deemed primary with respect to payment BOERMA' medical

claims.

30.   Under no circumstances is the Plaintiff, BOERMA liable for payment of

medical expenses out of any third-party tort recovery, as the Michigan No-

Fault Act prohibits a third-party tort recovery of medical expenses.

31.   Therefore, either the Plan sponsored by GENERAL MILLS, INC. and

administered by BLUECROSS BLUESHIELD BLUEPLUS OF

MINNESOTA, or the FARM BUREAU PIP automobile policy, is

responsible for paying January 23, 2017 motor vehicle collision related

medical expenses incurred by BOERMA. Thus, it would be appropriate for

the Court to declare respective rights of the parties in this regard.

**WHEREFORE**, Plaintiff requests this Honorable Court to declare the rights

of the parties regarding Defendants' obligation to pay Plaintiff's January 23, 2017,

motor vehicle collision related benefits and determine the priority of coverage

under the terms of the Plan, sponsored by GENERAL MILLS, INC., and

administered by BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA,

the FARM BUREAU'S policy, ERISA and the Michigan No-Fault Act.

## COUNT II
## INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA

32. Plaintiff restates all of the previous allegations as incorporated herein.

33. The PLAN, sponsored by GENERAL MILLS, INC. and administered by

    BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA, does not

    have a valid right of reimbursement, right of subrogation or lien of any kind

    against Plaintiff or his third-party tort claim, arising from the January 23,

    2017 motor vehicle collision.

34. The Plaintiff is a beneficiary of the PLAN, sponsored by GENERAL

    MILLS, INC. and administered by BLUECROSS BLUESHIELD

    BLUEPLUS OF MINNESOTA, and is entitled to seek injunctive relief

    under §502(a)(3) of ERISA to prevent any further wrongful attempts to

collect the reimbursement debt allegedly owed to the PLAN, sponsored by GENERAL MILLS, INC. and administered by BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA.

35.   Therefore, it would be appropriate and equitable for this Court to enjoin the PLAN, sponsored by GENERAL MILLS, INC. and administered by BLUECROSS BLUESHIELD BLUEPLUS OF MINNESOTA, and its contractors and subcontractors, from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

**WHEREFORE**, Plaintiff requests this Honorable Court grant a permanent injunction against Defendants, prohibit them or their agents, subcontractors or anyone else from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

## COUNT III
## NO FAULT  BREACH OF CONTRACT CLAIM

36.   Plaintiff restates all of the previous allegations as incorporated herein.

37.   Defendant, FARM BUREAU, has a statutory duty that covers Plaintiff, BOERMA, under the terms of Public Act No. 294 of the Public Acts of 1972, being commonly known as the Michigan No-Fault Law.

38.    As a result of the aforementioned automobile accident, the Plaintiff, BOERMA, incurred reasonable and necessary expenses as provided for in the Michigan No-Fault Act, M.C.L.A. 500.3101, et seq.

39.    Pursuant to the appropriate statutes, the Plaintiff, BOERMA, made application to the Defendant, FARM BUREAU, through its employees and agents, for payments of the no-fault benefits.  That numerous telephone calls and letters were sent to the Defendant for payment of the no-fault benefits specifically provided for under the Michigan No-Fault Law.  That said requests for payment were made and verified.

40.    The Defendant, FARM BUREAU, has BREACHED THE CONTRACT and/or ITS STATUTORY DUTY, by neglecting and refusing to pay the no-fault benefits now due and owing to the Plaintiff, BOERMA, including, but not limited to medical expenses, household replacement services, mileage and attendant care, although said payments have been repeatedly demanded from Defendant, FARM BUREAU.

41.    Pursuant to MCR 2.113(F)(1)(b), as the Defendant, FARM BUREAU, is in possession of its own terms and conditions, the policy of automobile insurance referred to in this Complaint need not be attached.

42.    That if Medicare has made any payments for medical expenses and treatment on behalf of plaintiff which are related to the accident in question, then

12

defendant has failed, neglected and/or refused to make such payments in violation of 42 USC § 1395y(b)(2)(A)(ii), and, pursuant to 42 USC §1395y(b)(3), plaintiff is entitled to recover damages in twice the amount the defendant has failed, neglected and/or refused to pay on behalf of plaintiff for treatment and care for injuries sustained in said accident, and plaintiff is entitled to costs and attorney fees.

**WHEREFORE**, the Plaintiff, respectfully request that this Honorable Court enter a judgment against the Defendant, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, pursuant to Public Act No. 294 of the Public Acts of 1972, being commonly known as the Michigan No-Fault Act in the total amount found to be due and owing at the time of trial, plus statutory interest of twelve (12%) percent and actual attorney fees sustained in this case.

MICHIGAN AUTO LAW, P.C.

Dated: October 10, 2019

By:    /s/   Thomas W. James
       Thomas W. James (P68563)
       Alexus B. Ringstad (P82767)
       Attorneys for Plaintiff
       30101 Northwestern Highway
       Farmington Hills, MI  48334
       248-353-7575 / 248-254-8083 [fax]
       tjames@michiganautolaw.com
       aringstad@michiganautolaw.com

Gursten, Koltonow, Gursten, & Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575